IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL BRYAN SKIBO | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:23-cv-03355-MDH |
| JACOB DODSON, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 33). Plaintiff has failed to respond to Defendant's Motion for Summary Judgment and the time to do so has elapsed. For the reasons herein, the Defendant's Motion for Summary Judgment is **GRANTED.**

### BACKGROUND

This case arises from an alleged violation of 42 U.S.C. § 1983 stemming from an incident in Greene County Jail with the use of Oleoresin Capsicum ("O.C.") spray. Plaintiff is a citizen of Ash Grove, Missouri and Defendant is a resident of Springfield, Missouri. Plaintiff is suing Defendant in his individual capacity.

On November 20, 2022 Plaintiff was held in the Green County Jail for suspicion of driving while intoxicated. While held, Plaintiff was observed placing his head in the toilet. Officers of Green County then proceeded to place him within a safe cell and placed in a safety smock to restrain Plaintiff from harming himself. Plaintiff was ordered to put his hands behind his back so handcuffs could be placed on him. Plaintiff complied. Plaintiff was further ordered to remove his street clothing, for fear Plaintiff may attempt to harm himself with his clothes. Plaintiff refused.

1

Officers than proceeded to cut off Plaintiff's shirt and removed his pants. Officers next ordered Plaintiff to put his hands through the chuckhole of the cell to remove the handcuffs. Plaintiff refused and managed to slip his hands from behind his back to the front of his body. Defendant than warned Plaintiff he would deploy O.C. spray if he continued to refuse to place his hands in the chuckhole. Plaintiff continued to refuse and stuck his face in the opening of the chuckhole to yell. Defendant sprayed Plaintiff in the face with O.C. spray. Defendant than deployed a second spray of O.C. spray to ensure that contact had been made. Plaintiff than complied with orders to put his hands in the chuckhole.

Plaintiff is alleging that Defendant violated his civil rights under 42 U.S.C. § 1983. Specifically, Plaintiff argues that Defendant violated his right to be free from cruel and unusual punishment by discharging the O.C. spray at Plaintiff's face. Defendant now brings his Motion for Summary Judgment arguing that Plaintiff has failed to state a claim, or in the alternative, that Defendant is protected by qualified immunity.

**STANDARD OF REVIEW**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than

2

simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Plaintiff claims Defendant violated his "federally protected rights; especially his right to be free from cruel and unusual punishment." (Doc. 13, page 3). Plaintiff during the encounter with Defendant was a detainee in the Green County Jail. A pretrial detainee in jail awaiting trial may be able to assert a Fourteenth Amendment Due Process claim for excessive force, but not a claim under the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2475 (2015). This is because a pretrial detainee may not be subjected to punishment at all, let alone cruel and unusual punishment. *Id*. As such, the Court will construe Plaintiff's Complaint to be a violation of his Fourteenth Amendment Due Process claim for excessive force.

**I.      Failure to State a Claim**

Defendant argues that based on the totality of the circumstances, any injury to Plaintiff from these events was the consequence of his own actions. 42 U.S.C. § 1983 creates a cause of action against any person depriving another of a federal constitutional or statutory right while using state government authority. 42 U.S.C. § 1983. A section 1983 claim requires: (1) conduct of a person; (2) acting under color of state law; (3) that action deprives a right protected the U.S. Constitution or federal law; and (4) causation. *Id*. It is not disputed that Defendant used the O.C. spray and was acting under the color of state law. However, Defendant argues that the action did not deprive a right protected by the U.S. Constitution because the force was reasonable given the totality of the circumstances.

The Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. *Id*. A pretrial detainee must show only that the force purposely or

3

knowingly used against him was objectively unreasonable. *Id* at 2437. Objective reasonableness turns on the "facts and circumstances of each particular case. *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Court must make the determination from the perspective of a reasonable officer and account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained." *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Factors that weigh into whether force was reasonable include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id*. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Here, viewing the evidence in the light most favorable to the non-moving party, Plaintiff has failed to show that Defendant's force was unreasonable. Defendant has provided the incident report created on November 21, 2022, one day after the alleged incident. Eight different officers have provided statements detailing the events of November 20, 2022. Each account shares that same set of facts indicating that Plaintiff had stuck his head in the toilet which prompted the decision to place Plaintiff in handcuffs, move him to a safety cell, and into a safety smock to prevent self-harming behavior. (Doc. 33-1, pages 1-3). Once moved to the safety cell, Plaintiff resisted orders to remove his street clothes. *Id*. Officers then cut off Plaintiff's shirt and removed his pants. *Id*. Officers than proceeded to exit the cell. *Id*. Officers than instructed Plaintiff to put his hands in the chuckhole so that officers could remove the handcuffs. *Id*. Plaintiff managed to get his arms in front of his body. *Id*. Plaintiff resisted Defendant's order and Defendant warned Plaintiff that if he continued to refuse orders that he deploy the O.C. spray. *Id*. Plaintiff than put

4

his face in the opening of the chuckhole to yell, Defendant deployed the O.C. spray. (Doc. 33-1, pages 1-3). Defendant then deployed a second O.C. spray to ensure contact was made. *Id*. Plaintiff was then compliant with the request to stick his arms in the chuckhole so officers could remove his handcuffs. *Id*.

Defendant, as the moving party, have satisfied his burden for establishing there is not genuine issue of material fact. Defendant has established that given the facts and circumstances of the case as illustrated by the incident report shows Plaintiff was actively resisting orders from the officers; was noted as a harm to himself; that Defendant had given Plaintiff a warning regarding the O.C. spray; and that Defendant used O.C. spray to get compliance over the Plaintiff. Given the totality of the circumstances the Defendant's actions were reasonable. Plaintiff, as the non-moving party, now has the burden to set forth specific facts to demonstrate that a genuine issue for trial. Plaintiff's Amended Complaint lacks adequate detail to be able to refute the evidence presented by Defendant. Likewise, Plaintiff had an opportunity to review and to respond to Defendant's Motion for Summary Judgment and Suggestions in Support and failed to do so. As a result, Plaintiff has failed to set forth specific facts to demonstrate that a genuine issue for trial. For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**.

## II. Qualified Immunity

The Court having resolved the issue above need not consider the issue of qualified immunity in this case.

## CONCLUSION

For foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Summary Judgment is entered in favor of Defendant.

**IT IS SO ORDERED**.

DATED: February 24, 2025         */s/ Douglas Harpool*
                                 **DOUGLAS HARPOOL**
                                 **UNITED STATES DISTRICT JUDGE**